ATCHISON, T. & S. F. RY. CO. et al. v. INTERSTATE COMMERCE COMMISSION.

(Circuit Court, D. Kansas, First Division.   October 27, 1910.)

No. 8,914.

CARRIERS (§ 34*)—RATES ESTABLISHED—REASONABLENESS—INTERSTATE COMMERCE COMMISSION—INJUNCTION.

Complainants having established a rate for lemons from California to points between the Rocky Mountains and the Atlantic coast of $1.15 per hundredweight in car load lots, the Interstate Commerce Commission passed an order, to become effective November 1, 1910, prescribing a rate of not to exceed $1 per hundredweight. Complainant railroad companies, claiming that such rate had not been adjusted according to the cost and value of the service, and that the Commission could not lawfully prescribe a single blanket rate to points so widely separated, also that the rate was unjust and unreasonable, and so low that the traffic was not compensatory, applied for an injunction restraining the enforcement thereof until its validity could be finally determined. *Held* that, the validity of such rate being subject to grave and serious doubt, an interlocutory injunction will be granted until the case can be determined by the Commerce Court created by Act Cong. June 18, 1910, c. 310, 36 Stat. 539.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 34.*]

In Equity.   Suit by the Atchison, Topeka & Santa Fé Railway Company and others against the Interstate Commerce Commission. On petition for an interlocutory injunction suspending the enforcement of an order of the Commission requiring complainants to establish and maintain for a period of two years a rate not exceeding $1 per hundredweight for the transportation of lemons.   Granted.

Robert Dunlap, T. J. Norton, and F. C. Dillard, for complainants.
William E. Lamb, for defendant.
Asa F. Call and Joseph H. Call, for interveners.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before SANBORN, VAN DEVANTER, and ADAMS, Circuit Judges.

PER CURIAM. This is an application, upon due notice, for an interlocutory injunction suspending the enforcement of an order of the Interstate Commerce Commission requiring the complainants to establish and to maintain for a period of two years a rate not exceeding $1 per hundredweight for the transportation of lemons in car loads from points in Southern California to practically all points in that section of the United States extending from the Rocky Mountains on the west to the Atlantic coast on the east. The order is to become effective November 1, 1910.

Among other objections urged agaist it, the complainants assert that the order is unauthorized and invalid, first, because the Commission, in making it, did not proceed upon the theory that the rate should be adjusted to the cost and value of the service in question, but upon the erroneous assumption that the carriers are required to perform that service at a rate which will permit California lemons successfully to be brought into competition in the Eastern markets of the United States with lemons imported from Sicily; and, second, because the Commission lawfully cannot prescribe a single or blanket rate to points so widely separated and requiring so great a difference in service as is the case in the very large territory to which the order applies. The first of these objections, it is said, is sustained by the report of the Commission, a considerable portion of which relates to the duty upon Sicilian lemons, the cost of producing them and of marketing them in the United States, and the extent and character of the competition between them and California lemons; and the second objection, it is said, is sustained by the familiar provisions of the interstate commerce act, which are designed to secure, through the action of the Commission, rates which, in view of the service rendered, are just and reasonable to both carrier and shipper, and are neither unjustly discriminatory nor unduly preferential as respects any shipper, locality, or description of traffic. And then, as indicating that the order in question is one of which they justly and reasonably may complain, the complainants refer, first, to another recent order of the Commission wherein a rate of $1 per hundredweight for the transportation of lemons and oranges in car loads from points in Southern California to Salt Lake and Ogden, Utah, is declared to be neither unjust nor unreasonable; second, to the ruling of the Commission, made in connection with the order in question, that a rate of $1.15 per hundredweight for the transportation of oranges in car loads from points in Southern California to points between the Rocky Mountains and the Atlantic coast is not unjust or unreasonable; third, to the fact that the carriers who handle the lemon traffic east of Chicago cannot receive any advantage from the application of the single or blanket rate to the lesser service attending such of that traffic as stops west of Chicago; and, fourth, to various affidavits of traffic managers and other experienced railway officials to the effect that that rate is unjust and unreasonable to the carriers, and is so low that much of the traffic thereunder will be noncompensatory.

Without now stopping to enumerate the contentions on behalf of the Commission, it will suffice, for present purposes, to say that, after considering those contentions and giving effect to the presumption of validity which should and does attend an order of the Commission, we entertain such grave and serious doubts of the validity of the order in question that we think its enforcement should be suspended until the questions presented by the complainants' objections can be adequately considered and thoughtfully determined. Those objections turn chiefly upon questions of law which are new and have an importance far beyond their bearing upon the present application. The time when the order will become effective is nearby, and this case is one which soon will pass from our jurisdiction to that of the Commerce Court, which has been created especially to consider and determine controversies such as this. Act June 18, 1910, c. 309, 36 Stat. 539. Any order which we may make will be interlocutory, and the final hearing must be in the Commerce Court. The same questions will then arise again, and they may arise in that court before that time, either through a like application in some other case or through further interlocutory proceedings in this case.

In these circumstances, we deem it the better course to leave those questions open to consideration and determination in the Commerce Court as matters of first impression, and to suspend the enforcement of the order for the present.